| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------X<br><br>UNITED STATES OF AMERICA | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: October 20, 2020 |

                                                                                                      13-CR-424 (KMW)
v.                                                                   **OPINION & ORDER**

JESUS RIVERA,

        Defendant.
---------------------------------------------------------------X

KIMBA M. WOOD, District Judge:

        Defendant Jesus Rivera has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19.  (ECF No. 108.)  The Government opposes the motion.  (ECF No. 110.)  For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

        Defendant was arrested on June 5, 2013 in connection with his involvement in the attempted robbery and murder of Jose Miguel Mendez, a courier for Defendant's drug supplier. (Gov't Opp'n at 2-3.)

        The Government charged Defendant with (1) causing the death of Mendez, by discharging and aiding and abetting the discharge of a firearm at Mendez, during and in relation to the attempted robbery of Mendez of narcotics and narcotics proceeds, in violation of 18 U.S.C. §§ 924(j)(1) and 2; and (2) killing Mendez, and aiding and abetting the same, while engaged

in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.  (*Id*. at 1-2.) On or about August 26, 2015, Defendant pleaded guilty to the first charge.  (*Id*. at 2.)

On January 7, 2016, the Court sentenced Defendant to 270 months' imprisonment, followed by five years of supervised release.  The Court took into consideration the fact that Defendant planned to rob and kill Mendez, humiliated him, and tried to coax more money out of him.  (Sent. Tr. at 22-23, ECF No. 45.)  In particular, Mendez was pistol whipped, restrained, tortured, kidnapped, robbed, and then murdered.  (*Id.* at 23.)  The Court also recognized that Defendant acted as a rehabilitated man, for a year, after he left prison.  (*Id*. at 22.)

Defendant is currently serving his sentence at FCI Allenwood Low and, to date, he has served approximately 89 months of his 270-month sentence.  (*See* Gov't Opp'n at 22.)

Defendant states that he submitted an administrative request for compassionate release on or about March 24, 2020.  (Reply at 1, ECF No. 114; *see* Mot. at 2.)  According to Defendant, the Warden of FCI Allenwood Low, D.K. White, never responded to his request.  (Reply at 1.)

On July 1, 2020, Defendant filed the present motion.  (ECF No. 108.)  The Government filed its memorandum in opposition to the motion on July 15, 2020.  (ECF No. 110.)

## LEGAL STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier."[1]  *Id.*

A court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of FCI Allenwood Low.  (*See* Reply at 1; Mot. at 2.)

3

## DISCUSSION

Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant argues that compassionate release is warranted due to COVID-19 and his vulnerability to contracting and dying from the virus.  (Mot. at 1.)  However, Defendant does not allege that he suffers from any known underlying health condition that would heighten his chances of experiencing severe complications from COVID-19.  Rather, as the Government notes, he appears to be "relatively healthy and relatively young, with no particular risk factors for Covid-19[.]"  (Gov't Opp'n at 7, 13.)

The Court acknowledges that there is a risk that Defendant may potentially contract COVID-19 while he is incarcerated at FCI Allenwood Low.  The Court finds, however, that the danger Defendant faces from the threat of exposure to COVID-19—without more—does not constitute an extraordinary and compelling reason for granting compassionate release, especially since there has been only one reported case of COVID-19 among inmates and only one reported case among staff members at FCI Allenwood Low as of October 13, 2020.[2]  Both the staff member and the inmate have since recovered.[3]

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against granting Defendant's motion.  Section 3553 requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(2)(B)-(D).  As the Court noted during sentencing, the crime that Defendant committed is shocking and could hardly be more serious.  (Sent. Tr. at 22-23.)  Defendant planned and

---

[2] *See COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Oct. 13, 2020).
[3] *See id.*

4

participated in a violent, drug-related robbery during which Defendant's co-conspirators threatened the victim, tortured him, subsequently killed him, and left him on the side of a road. (*See* Gov't Opp'n at 20.)  Moreover, the victim left behind his six children and his wife—all of whom struggled to cope with the viciousness and brutality of the crime.  (Sent. Tr. at 23.)

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

SO ORDERED.

Dated: New York, New York
October 20, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge