UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    7/8/2022
```

-------------------------------------------------------X

JESUS RIVERA,

                    Movant,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

-------------------------------------------------------X

13-CR-424 (KMW)
16-CV-5238 (KMW)
18-CV-5252 (KMW)
18-CV-5996 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Before the Court is Jesus Rivera's motion to amend his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence.  (ECF No. 123.)[1]  For the reasons set forth below,

Rivera's motion is DENIED.

## PROCEDURAL BACKGROUND

      On August 26, 2015, Rivera pleaded guilty to aiding and abetting murder with a firearm

in connection with an armed narcotics robbery.  (ECF No. 33.)  He was sentenced on January 7,

2016 to 270 months of imprisonment, to be followed by five years of supervised release.  (ECF

No. 45.)  The Second Circuit affirmed Rivera's conviction and sentence the following year.

*United States v. Rivera*, 679 F. App'x 51, 56 (2d Cir. 2017) (summary order).

      Rivera attacked his conviction and sentence with several section 2255 motions—and

motions to amend his section 2255 motions—some counseled and some *pro se*.  In January 2020,

the Court consolidated Rivera's counseled and *pro se* motions and granted two of his three

---

[1] Except where otherwise indicated, docket citations refer to *United States v. Rivera*, No. 13-CR-424.

motions to amend.  (No. 16-CV-5238, ECF No. 5.)  The Court denied Rivera's consolidated

section 2255 motion, as amended, on April 27, 2021.  (ECF No. 120.)

Rivera filed a notice of appeal of the April 27, 2021 Order on May 12, 2021.  (No. 16-

CV-5238, ECF No. 13).  One week later, Rivera also moved *pro se* pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure to alter or amend the April 27, 2021 Order that denied his

section 2255 motion.  (ECF No. 121.)[2]  The Court denied the Rule 59(e) motion on June 15,

2021.  (ECF No. 122.)  Later that day, a *pro se* document from Rivera was filed on the docket,

bearing the title Relation-Back Amendment Pursuant [to] Fed. R. Civ. P. 15 and 28 U.S.C. §

2255 and the date June 7, 2021.  (Mot. to Amend, ECF No. 123.)  Rivera's counsel then made a

motion to withdraw which the Court granted in a motion that also ordered the Government to

respond to the *pro se* June 7, 2021 motion.  (ECF No. 127.)  The Second Circuit stayed

consideration of Rivera's appeal until the district court resolved the instant motion to amend.

(No. 16-CV-5238, ECF No. 20.)

## DISCUSSION

### I.     The Court Lacks Jurisdiction

Rivera's notice of appeal has divested the district court of jurisdiction over his original

section 2255 motion.  *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002); *see also*

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of

appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals

and divests the district court of its control over those aspects of the case involved in the

---

[2] Pursuant to the "prisoner mailbox rule," the Court presumes that each of Mr. Rivera's *pro se* submissions was given to prison staff on the date it was signed, and considers the submission to have been filed on that date.  (Op. at 2, ECF No. 122.)  For this reason, Mr. Rivera's Rule 59(e) motion is considered to have been filed on May 19, 2021, even though the document was filed on ECF on May 27, 2021.

appeal."). Rivera's section 2255 motion is before the Second Circuit. Thus, Rivera requests what the Court cannot grant: leave to amend a motion over which the Court lacks jurisdiction. *See Ching*, 298 F.3d at 180 n.5 ("The district court c[an]not rule on any motion affecting an aspect of the case that [i]s before th[e Circuit] Court, including a motion to amend the motion, while that appeal [i]s pending.").

The jurisdictional analysis is made somewhat more complex by the eight-day gap between Rivera mailing the instant motion and the motion being filed to the docket. But the conclusion remains the same. A district court retains jurisdiction during the pendency of several types of post-judgment motions listed in Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(4)(B)(i). That list includes motions to alter or amend the judgment pursuant to Rule 59, such as the motion Rivera filed on May 19, 2021. Fed. R. App. P. 4(a)(4)(A)(iv). Thus, when Rivera mailed the instant motion on June 7, 2021, the Court continued to have jurisdiction to resolve, at a minimum, his Rule 59(e) motion. *See Martinez v. Hasper*, No. 15-CV-5724 (EK)(LB), 2022 WL 118720, at *1 (E.D.N.Y. Jan. 12, 2022) (collecting decisions) ("District courts in the Southern and Eastern Districts of New York have generally concluded that they have jurisdiction to resolve timely filed motions under Rule 59(e) and Rule 60(b) even where a notice of appeal is filed before one of those motions.").

The Federal Rules of Appellate Procedure make clear that the Court's jurisdiction lasted only until the moment that the Court denied Rivera's Rule 59(e) motion. When a post-judgment motion listed in Rule 4(a)(4)(A) has prevented a notice of appeal from taking effect, "the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); *see also* Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment ("A notice filed before the filing of one of the

specified motions . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). The Court's June 15, 2021 Order disposed of the last—indeed, the only—motion that had prevented the notice of appeal from taking effect. Once effective, the notice of appeal left the Court without jurisdiction over the motion that Rivera seeks to amend. *See Ching*, 298 F.3d at 180 n.5; *see also Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994) ("Once a timely notice of appeal has been made to this Court, however, the district court lacks the jurisdiction to consider . . . an amendment [to the underlying complaint].").

The instant motion to amend cannot cause the Court to retain jurisdiction, even if it were construed liberally, as a Rule 59(e) or Rule 60(b) motion. A Rule 59(e) motion must be made within twenty-eight days of the ruling that it addresses. Fed. R. Civ. P. 59(e). Similarly, a Rule 60(b) motion can qualify under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure only if filed within twenty-eight days of judgment being entered. Fed. R. App. P. 4(a)(4)(A)(vi). Rivera's June 7, 2021 motion was filed forty-one days after the April 27, 2021 Order denying his section 2255 motion. Because Rivera's notice of appeal is effective, the Court lacks jurisdiction over Rivera's original section 2255 motion.

## II.    Indicative Ruling

The Court's lack of jurisdiction is not the end of the matter. Rule 62.1 of the Federal Rules of Civil Procedure permits a court to make an "indicative ruling" on a motion for which relief is barred by a pending appeal. The rule states:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

4

Fed. R. Civ. P. 62.1(a).  The Court lacks the authority to grant Rivera's motion to amend his

section 2255 motion because the court of appeals has jurisdiction over the motion Rivera seeks

to amend.  Pursuant to Rule 62.1, the Court finds it more appropriate to deny Rivera's groundless

motion now, rather than deferring consideration until after the Second Circuit resolves Rivera's

appeal.

Rivera is correct that the standard for granting a motion to amend a section 2255 motion

is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *Littlejohn v. Artuz*, 271 F.3d

360, 363 (2d Cir. 2001).  However, "[i]t is well established that a party seeking to file an

amended complaint post-judgment must first have the judgment vacated or set aside pursuant to

Fed. R. Civ. P. 59(e) or 60(b)."  *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d

133, 142 (2d Cir. 2020) (brackets and internal quotation marks omitted).  Rivera's motion

satisfies neither rule's standard.  As stated above, Rivera's June 7, 2021 motion is untimely if

analyzed as a Rule 59(e) motion.  As explained below, the motion cannot satisfy Rule 60(b),

either.  The motion does not identify "mistake, inadvertence, surprise, or excusable neglect,"

point to "newly discovered evidence," or meet any of the other first five prongs of the rule.  Fed.

R. Civ. P. 60(b)(1)–(5).  The two arguments in Rivera's motion to amend are groundless.

Neither presents the "extraordinary circumstances," *Irvin v. Harris*, 944 F.3d 63, 67 (2d Cir.

2019), required for relief from the judgment under the rule's catchall provision for "any other

reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

Rivera's motion to amend seeks to add two grounds to his underlying section 2255

motion.  The first proposed ground is a variation on the ineffective assistance of counsel claims

found throughout Rivera's section 2255 motion.  He asserts that his trial counsel was deficient

because he advised Rivera to plead guilty rather than to rely on the argument that Rivera's

5

conviction for aiding and abetting murder was barred by his 2001 plea agreement. This contention is frivolous. In the 2001 plea agreement, Rivera and the U.S. Attorney for the Southern District of New York agreed that Rivera would not be further prosecuted "for the conduct charged" in the underlying Information. (Mot. to Amend, Ex. A at 1, ECF No. 123.) The conduct charged in that Information was the making of three telephone calls concerning the running of a narcotics conspiracy. (Mot. to Amend, Ex. B at 13–15, ECF No. 123.) The conduct underlying his current sentence—aiding and abetting a murder in connection with an armed narcotics robbery—was not covered by this plea agreement.

Rivera's second proposed ground is no stronger. He asserts that his participation at an unspecified reverse proffer session with the U.S. Attorney's Office without counsel present was a "*per se* violation of the Sixth Amendment." (Mot. to Amend at 5.) This ground is meritless two times over. First, the Sixth Amendment right to counsel is "offense specific" and does not attach until after adversary criminal proceedings have begun with respect to a particular offense. *United States v. Moore*, 670 F.3d 222, 233 (2d Cir. 2012). Rivera provides no reason to believe that this proffer session occurred after June 4, 2013, when the indictment was filed charging him with the offense underlying the sentence that his section 2255 motion attacks. Second, Rivera's motion to amend fares no better if it is construed liberally as raising an argument based on the Fifth Amendment right to counsel. Rivera gives no indication that he properly invoked his right to counsel, and he fails to identify any self-incriminating statements made during this meeting. *See Alexander v. State of Connecticut*, 917 F.2d 747, 751 (2d Cir. 1990).

**CONCLUSION**

For the aforementioned reasons, Rivera's motion is DENIED.  The Clerk of Court is

respectfully directed to terminate the pending motion at ECF No. 123.

SO ORDERED.

Dated: New York, New York
       July 8, 2022                                _____/s/ Kimba M. Wood_____
                                                        KIMBA M. WOOD
                                                   United States District Judge