```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 21, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

                  -against-

JESUS RIVERA,

                   Defendant.

-------------------------------------------------------X

13-CR-424 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Jesus Rivera, proceeding *pro se*, has filed a motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Def.'s Mot., ECF No. 141.)  The Government opposes

Rivera's motion.  (Gov't Opp'n, ECF No. 148.)  For the reasons set forth below, Rivera's motion

for compassionate release is DENIED.

## BACKGROUND

      On June 5, 2013, Rivera was arrested in connection with his involvement in the 1999

attempted robbery and murder of Jose Miguel Mendez, a courier for Rivera's drug supplier.

(Presentence Investigation Report ("PSR") ¶¶ 6-12, ECF No. 35.)  The Government charged

Rivera with (1) causing the death of Mendez, by discharging and aiding and abetting the

discharge of a firearm at Mendez, during and in relation to the attempted robbery of Mendez of

narcotics and narcotics proceeds, in violation of 18 U.S.C. §§ 924(j)(1) and 2; and (2) killing

Mendez, and aiding and abetting the same, while engaged in a narcotics conspiracy, in violation

of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.  (Gov't Opp'n at 4.)

On August 26, 2015, Rivera pleaded guilty to the first count pursuant to a plea agreement. (PSR ¶ 2; J. at 1, ECF No. 42.) The parties stipulated that Rivera's Guideline range was 324 to 405 months' imprisonment.[1] (Gov't Opp'n 4-5.)

On January 7, 2016, Rivera appeared for sentencing. The Court stated originally that it intended to sentence Rivera to 324 months' imprisonment. (Sent'g Tr. at 23:21-22, ECF No. 45.) After Rivera's counsel contended that Rivera should be credited for having served 144 months in prison in connection with a prior felony drug offense,[2] the Court stated preliminarily that it would subtract 144 months from 324 months for a sentence of 180 months' imprisonment. (Id. at 31:19-24.) However, to account properly for the brutality of Rivera's instant offense, the Court added 90 months to the 180 months, and imposed a below-Guideline sentence of 270 months' imprisonment. (Id. at 32:21-33:23.)

Prior to submitting his present motion, Rivera appealed his conviction and sentence, moved for compassionate release, petitioned for habeas relief, and filed several other motions. On February 15, 2017, the Court of Appeals affirmed Rivera's conviction and sentence. See United States v. Rivera, 679 F. App'x 51, 56 (2d Cir. 2017) (summary order). On October 20, 2020, the Court denied Rivera's pro se motion for compassionate release, holding that Rivera had failed to demonstrate that extraordinary and compelling reasons justified his release, and that the Section 3553(a) factors counseled against his release. (Op. & Order at 4-5, ECF No. 115.) On April 27, 2021, in a consolidated Opinion and Order, the Court denied Rivera's counseled and pro se petitions for relief pursuant to 28 U.S.C. § 2255. (Op. & Order at 2-3, 14, ECF No.

---

[1] The U.S. Probation Department ("Probation") determined later that Rivera's correct Guideline range was 360 months' to life imprisonment. (Gov't Opp'n 4-5.)

[2] Prior to this Court's sentence, Rivera served a 144-month term of imprisonment, after he pleaded guilty to three counts of use of a telephone in connection with a felony drug offense, in violation of 21 U.S.C. § 843(b). (PSR ¶¶ 6, 32; Gov't Opp'n at 5 n.1, 6.) The prior felony drug offense was considered related conduct to the instant offense.

2

120.)  The Court later denied Rivera's *pro se* motion to alter or amend the Court's April 27, 2021

Opinion and Order pursuant to Rule 59(c) of the Federal Rules of Civil Procedure, (Op. & Order

at 3, ECF No. 122), and his *pro se* motion to amend his underlying Section 2255 petition.  (Op.

& Order, ECF No. 138.)

　　　Rivera is currently incarcerated at FCI Fort Dix in New Jersey, and his projected release

date is September 30, 2031.

## LEGAL STANDARD

　　　Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court

finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. §

3582(c)(1)(A).  Three requirements must be met before a court can grant such relief.  First, a

defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons

("BOP").  *Id.*  Second, a defendant must show that "extraordinary and compelling reasons

warrant such a reduction."[3]  *Id.*  Third, the Section 3553(a) sentencing factors must support early

release.  *Id.*

## DISCUSSION

**I.    Rivera's Motion is Properly Before the Court**

　　　A defendant may move for compassionate release only after he has "fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the

lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is

---

[3] The Court agrees with other courts in this District that its analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

earlier[.]" *Id.* Here, the parties do not dispute that Rivera has exhausted his administrative remedies. The Government states that the BOP provided the Government with Rivera's request and the Warden's subsequent denial of his request. (Gov't Opp'n at 10-11 n.8.)

## II. Rivera Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

In his motion, Rivera argues that extraordinary and compelling reasons exist because (1) Probation failed to notify the Court that, in imposing Rivera's sentence, it was permitted to depart downward pursuant to U.S.S.G. § 5K2.23 to account for Rivera's prior 144-month term of imprisonment, and the Court did not depart downward on this basis; (2) he is at a heightened risk of severe illness from COVID-19; (3) he has endured harsh conditions of confinement due to COVID-19; (4) he has accepted responsibility for his conduct; and (5) he is rehabilitated.[4] (*See* Def.'s Mot. at 1-3; Def.'s Reply at 1-2, ECF No. 155.)

First, the fact that the Court did not depart downward pursuant to Section 5K2.23 does not give rise to an extraordinary and compelling circumstance because the Court's sentence is consistent with Section 5K2.23.[5] Section 5K2.23 states that any downward departure "should be fashioned to achieve a reasonable punishment for the instant offense." *See* U.S.S.G. §§ 5K2.23, 5G1.3(b) & cmt. n.5. The Court departed downward from 324 months to 270 months to give Rivera credit for the time he spent in prison, but imposed a 270-month term of imprisonment to achieve a reasonable punishment for the instant, brutal offense. There is nothing extraordinary

---

[4] Any arguments raised by Rivera, but not specifically addressed below, have been considered by the Court and rejected.

[5] Although the Court addresses the merits of Rivera's argument, a Section 3582 motion is not the proper vehicle for claiming legal wrongs that can be raised on direct appeal or through a Section 2255 petition. *See e.g.*, *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) (Failla, J.).

and compelling about the Court's imposition of a below-Guideline sentence that is consistent

with Section 5K2.23.[6]

Second, the risk that Rivera might become infected with, and become seriously ill from,

COVID-19, does not provide a basis for Rivera's early release.  As an initial matter, COVID-19

is not considered an ongoing public health emergency federally or in New Jersey, where FCI

Fort Dix is located.  *See COVID-19 Public Health Emergency*, U.S. Dep't Health & Human

Servs. (Dec. 15, 2023), https://www.hhs.gov/coronavirus/covid-19-public-health-

emergency/index.html; Press Release, N.J. Dep't of Health, Governor Murphy Signs Executive

Order Lifting COVID-19 Public Health Emergency (Mar. 4, 2022),

https://www.nj.gov/health/news/2022/approved/20220304a.shtml.  In addition, Rivera is not at

imminent risk of contracting COVID-19, because only one inmate at FCI Fort Dix currently has

COVID-19.  *See Inmate COVID-19 Data*, Fed. Bureau of Prisons,

https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Feb. 20, 2024).

Even if Rivera were to contract COVID-19, the threat it poses to him is not extraordinary and

compelling because he has received a vaccine against COVID-19, and he also previously

recovered from an asymptomatic case of the disease.[7]  *See United States v. Jones*, No. 17-CR-

214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-

19 for a vaccinated individual is substantially reduced to the point that a defendant will typically

---

[6] This same conclusion applies to Rivera's request that the Court consider that had he been sentenced for his related felony drug offense and the instant offense at the same time, his counts of conviction may have been grouped. (Def.'s Mot. at 3.)  The Court considered this argument at sentencing and, as noted above, credited Rivera for his previous time in prison.  (*See* Sent'g Tr. at 25:12-33:23.)

[7] Rivera claims that he had a stroke, which makes him more vulnerable to severe illness if he were to contract COVID-19.  (Def.'s Mot. at 2, 4.)  An individual who has had a stroke is at an increased risk of severe illness, *see People with Certain Medical Conditions*, Ctrs. Disease Control & Prevention (May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, but Rivera's medical records do not reflect his having had a stroke.  *See Brown v. United States*, No. 14-CR-0659, 2023 WL 3976933, at *3 (S.D.N.Y. June 13, 2023) (Román, J.) (defendant's "failure to attach corroborating medical records is detrimental to his ability to satisfy his burden of showing extraordinary and compelling circumstances.").

not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated");
*see also United States v. Muntslag*, No. 13-CR-635, 2022 WL 255347, at *3 (S.D.N.Y. Jan. 25,
2022) (Nathan, J.) (finding that defendant's previous recovery from COVID-19 "cuts against
finding extraordinary and compelling circumstances.").

Third, the challenging prison conditions that Rivera states that he has experienced are not
extraordinary and compelling because they are generally experienced by inmates nationwide.
*See United States v. Farmer*, No. 19-CR-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022)
(Swain, C.J.) ("[general] conditions of confinement do not constitute extraordinary or compelling
reasons for compassionate release"); *United States v. Santana*, No. 12-CR-790, 2023 WL
2625790, at *4 (S.D.N.Y. Mar. 24, 2023) (Engelmayer, J.).

Fourth, Rivera has not established an extraordinary and compelling reason based on his
acceptance of responsibility.  Rivera previously accepted responsibility for his actions (*see*
Sent'g Tr. at 12:2-23, 16:2-8), and his continued remorse is not extraordinary and compelling.
*See Muntslag*, 2022 WL 255347, at *4 (finding that defendant's acceptance of responsibility was
welcome, but did not "present sufficiently extraordinary and compelling reasons for his
release"); *United States v. Carlton*, No. 05-CR-796, 2022 WL 17104061, at *8 (S.D.N.Y. Nov.
22, 2022), *reconsideration denied*, 2023 WL 1070219 (S.D.N.Y. Jan. 27, 2023) (Gardephe, J.)
(holding that defendant's acceptance of responsibility does not constitute an extraordinary
circumstance).

Rivera's only remaining argument is that his post-sentence rehabilitation constitutes an
extraordinary and compelling reason for release.  But 28 U.S.C. § 994(t) states that
"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling
reason."  28 U.S.C. § 994(t)*; see also* U.S.S.G. § 1B1.13(d).  The Court commends Rivera for

his participation in programming during his current term of incarceration (*see* Def.'s Mot. at 3-4), but that participation is not extraordinary and compelling on its own.  *See e.g.*, *United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *7 (Engelmayer, J.) (holding that participation in rehabilitative programming is expected of inmates and does not constitute an extraordinary and compelling circumstance) (collecting cases).

### III.    The Section 3553(a) Factors Weigh Against Release

Even if Rivera could demonstrate an "extraordinary and compelling" reason for a sentence reduction, the § 3553(a) factors do not support his early release.  At sentencing, the Court recognized that Rivera appeared briefly to be a rehabilitated man after he completed his earlier term of incarceration, but as the Court stated then, "this crime could hardly be more serious."  (Sent'g Tr. at 22:7-11, 22-23.)  The victim was "pistol whipped, restrained, [] tortured, kidnapped, robbed, and then murdered," leaving behind his wife and six children.  (*Id.* at 23:2-7.) The Court maintains its view that Rivera's sentence is necessary to reflect the brutal nature of the offense, "to promote general deterrence, to adequately punish Mr. Rivera, and to promote respect for the law."[8]  (*Id.* at 23:12-20.)

The Court finds that the § 3553(a) factors weigh against Rivera's release.

---

[8] Rivera asks the Court to "consider that [Probation] recommended a ten year sentence."  (Def.'s Mot. at 3.)  The Court considered Probation's recommendation at sentencing, and consideration of it now does not alter the Court's view that Rivera's current sentence is appropriate.

**CONCLUSION**

For the foregoing reasons, Rivera's motion for compassionate release pursuant to §

3582(c)(1)(A) is DENIED.

The Clerk is respectfully requested to close the pending motion at ECF No. 141.

SO ORDERED.

Dated: New York, New York
       February 21, 2024

                              _____
                                     */s/ Kimba M. Wood*
                                   KIMBA M. WOOD
                              United States District Judge